HOGAN HULET PLLC
KENNETH E. HOGAN
Nevada Bar No. 10083
E-mail: ken@h2legal.com
JEFFREY L. HULET
Nevada Bar No. 10621
E-mail: Jeff@h2legal.com
1140 N Town Center Drive, Suite 300
Las Vegas, Nevada 89113
Tel: (702) 800-5482
*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| EDWARD S. HALLEY, individually: and FLAGSHIP EXPRESS AIRLINES, INC., an Illinois corporation<br><br>Plaintiff,<br><br>vs.<br><br>DEFENDANTS WILLIAM ACOR'S and DEFENDANT RBY, INC.'s CERTIFICATE OF INTERESTED PARTIES WILLIAM ACOR, individually; RBY, INC., a Nevada corporation; VISION AIRLINES, INC., Nevada Corporation; and VISION AVIATION HOLDINGS, INC., a Nevada corporation,<br><br>Defendants. | CASE NO. 2:17-cv-00507<br><br>**MOTION TO AMEND SCHEDULING ORDER; [PROPOSED] AMENDED SCHEDULING ORDER**<br><br>**(First Request)** |

Defendant Vision Airlines, Inc. ("VAI"), by and through its attorneys of record, hereby move the Court to extend deadlines for the disclosure of experts, rebuttal experts, and discovery cut-off as detailed herein. This the first request for extension of time to take discovery.

**I. Discovery Completed and Pending**

The parties timely served their Initial Disclosures.

On September 14, 2017, Plaintiffs propounded Interrogatories on Defendants William Acor, RBY, Inc., Vision Airlines, Inc., and Vision Aviation Holdings, Inc., and also, Requests for Production on the same Defendants.

In response, on November 6, 2017, Defendants William Acor, RBY, Inc., Vision Airlines, Inc., and Vision Aviation Holdings, Inc. provided their Interrogatory Responses and production of documents.

On November 7, 2017, Plaintiffs served their First Supplement to Initial Disclosures.

Defendant is preparing and will propound written Interrogatories and Requests for Production to each Plaintiff on or before November 30, 2017.

It is anticipated that Plaintiff will notice and take the deposition of the 30(b)(6) designee for each of the named entity Defendants, and that upon Defendants' receipt of Plaintiffs' responses to Defendants' pending written discovery, a deposition will be set for Plaintiff Halley and the 30(b)(6) designee for Flagship Airlines, Inc. Deposition subpoenas may issue to any expert or rebuttal expert designated by the parties. Also, it may be necessary to subpoena documents from Havana Air, operating from Miami, Florida.

**II. Basis for Extension**

VAI has been seeking to retain an expert on Federal Aviation Agency and Department of Transportation regulations and their application to the claims and defenses in the action. The complex aviation regulations strictly mandate what may and may not be done in the carrying of air passengers by U.S. airlines or airlines operating in the U.S. VAI asserts that Plaintiffs' lack of compliance with these regulations is the cause of the fact pattern within the action, and a complete defense to Plaintiffs' Complaint. See e.g. Defendant Vision Airline, Inc.'s and Vision Aviation Holdings Inc.'s Answer and Counterclaims (Dkt 12), at pp. 9-11, Affirmative Defenses 22, 23, 24, 26, 27, 35, 36, 48, 49, 50, and 51; see also Counterclaims, at ¶¶ 9, 10, and 11. The testimony is intended to assist the Court in understanding the complex regulatory limitations placed upon the parties extraneous to, but contemplated (and mandatory) within, the contractual structures alleged and otherwise as understood and applied in this highly regulated industry.

Good cause exists for the brief extension requested. VAI has encountered several false starts in the process of securing an expert to opine on the governing regulations. Initially, VAI's principals were overseas, often in remote areas, for two months (late August through the majority of October) coordinating new contracts for 2018, and the groundwork that VAI was able to lay

during that absentee period eroded in late October. Active government employees with the FAA and/or DOT, knowledgeable of the regulations and known to VAI had been contacted, and were interested and willing, but upon their further up-channel investigation were ultimately unable to obtain the necessary permissions from their agencies to perform expert services in the action. To counter that problem, VAI quickly moved into discussions with *former* government employees, and had numerous discussions with a former Department of Transportation employee, but again upon up-channel investigation, he similarly was forced to forgo retention upon his new private employer's objection to his participation in the action. This start/stop process does not reflect a lack of diligence, but rather, a limited pool of potential and available experts. VAI has since recently located an aviation attorney with 30+ years of experience applying the FAA/DOT regulations. He is willing to assist, has been retained, and has been provided with relevant documents for review, but states that he cannot complete a report within the existing timelines. Further, due to the pending holidays, he states that he will require another three weeks to complete his review of documents and provide his report.

The parties' counsel discussed the situation and proposed amendments. Plaintiffs' counsel reported back on November 21, 2017 that Plaintiffs had declined to stipulate.

**III. Proposed Plan and Discovery Order**

This brief extension of timelines is not interposed for the purpose of delay. VAI proposes the following amendments to the Court's June 22, 2017 Scheduling Order:

**Expert Disclosures:** The date for Expert Disclosures shall be extended from November 22, 2017 to **December 12, 2017**.

**Rebuttal Expert Disclosures:** The Rebuttal Expert Disclosures shall be extended from December 22, 2017 to January 12, 2018.

**Discovery Cut-Off:** The deadline to conduct discovery shall be extended from January 22, 2017 to February 12, 2018.

**Dispositive Motions:** The date for filing dispositive motions shall be extended from February 21, 2018 to not later than March 12, 2018, thirty (30) days after the proposed discovery cut-off date of February 12, 2018.

**Pretrial Order:** The date for filing the joint pretrial order shall be extended from March 23, 2018 to April 12, 2018, thirty (30) days after the date set for filing dispositive motions. In the event that dispositive motions are filed, the date for filing the joint pretrial order shall be suspended until thirty (30) days after decision on the dispositive motions or until further order of this Court. The parties shall include Fed. R. Civ. P. 26(a)(3) disclosures and any objections thereto, with the pretrial order.

**Interim Status Report:** The parties shall file an interim status report required by LR 26-3 by December 12, 2017, approximately sixty (60) days before the discovery cut-off date.

## IV. Additional Considerations.

Beyond the foregoing amendments, VAI proposes that the Scheduling Order (Dkt 24) shall remain in effect. The Defendant parties do not request a conference with this Court before the entry of an Amended Scheduling Order.

DATED AND RESPECTFULLY SUBMITTED this 22nd Day of November, 2017.

**HOGAN HULET PLLC**

*/s/ Kenneth E. Hogan*
KENNETH E. HOGAN, ESQ.
1140 N. Town Center Drive, Suite 300
Las Vegas, Nevada 89144
*Attorneys for Defendants*

The motion is granted as unopposed pursuant to Local Rule 7-2(d).

IT IS SO ORDERED:

_____
UNITED STATES MAGISTRATE JUDGE

Dated: 12/7/17 _____

| | |
|---|---|
| 1 | **CERTIFICATE OF SERVICE** |
| 2 | The undersigned hereby certifies that on the 22nd day of November, 2017, he served a |
| 3 | copy of the foregoing **MOTION TO AMEND SCHEDULING ORDER; [PROPOSED]** |
| 4 | **AMENDED SCHEDULING ORDER (First Request)** by and through the CM/ECF System, to |
| 5 | the attention the parties registered therein, including: |

John Aldrich, Esq.
ALDRICH LAW FIRM, LTD.
1601 S. Rainbow Blvd., Suite 160
Las Vegas, Nevada 89146

*/s/ Kenneth E. Hogan*
KENNETH E. HOGAN, Esq.